■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN LYMAN, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed May 11, 1973, upon his conviction of criminally selling a dangerous drug in the fourth degree, on a plea of guilty, the sentence being an indeterminate prison term not to exceed three years. The notice of appeal is hereby amended to show that the judgment convicted defendant of criminally selling a dangerous drug in the fourth degree and not of attempted criminally selling a dangerous drug in the third degree, as set forth in the notice of appeal. Sentence affirmed. No opinion. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ROBERT MEBANE, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated December 5, 1972, which granted defendant's motion, made at the end of the entire case upon a jury trial, for a trial order of dismissal (CPL 290.10). Order reversed on the law, motion denied, indictment reinstated and new trial ordered. The People's evidence, if believed by the jury, proved that a police officer entered defendant's apartment and, opening his half-closed bedroom door, observed him lying alone in bed and a gun on a dresser about two feet from the bed. At the time of the police officer's entry into the apartment, about four persons were in the apartment's doorway and a room into which the apartment door opened. As the police officer entered the bedroom, defendant, who appeared to be intoxicated, arose and thereafter stated that the apartment was his home. Neither by pretrial motion nor at the trial was the lawfulness of the police officer's entry into the apartment placed in issue. In our opinion, the People's circumstantial evidence was sufficient to prove defendant's constructive possession of the gun (People v. Reisman, 29 N Y 2d 278; People v. Handford, 40 A D 2d 529). Gulotta, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.